# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00155-CR

**Jeron Deangelo Neal, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 390TH JUDICIAL DISTRICT
### NO. D-1-DC-12-205121, HONORABLE JULIE H. KOCUREK, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury found Jeron Deangelo Neal guilty of aggravated robbery with a deadly weapon and assessed a sentence of twenty-two-and-a-half years in prison. *See* Tex. Penal Code § 29.03. On appeal, Neal challenges the trial court's denial of his pretrial motion to suppress evidence. The contested search was based on circumstances initially unconnected to the robbery for which Neal was convicted. He contends that the search was improper and that evidence discovered during the search that connected him to the robbery should have been suppressed. We will affirm the judgment.

We review a trial court's denial of a motion to suppress under a bifurcated standard of review. *Turrubiate v. State*, 399 S.W.3d 147, 150 (Tex. Crim. App. 2013). We review the trial court's factual findings for an abuse of discretion, but review the trial court's application of law to the facts de novo. *Id.* The trial judge is the sole trier of fact and exclusive judge of the credibility of the witnesses and the weight to be given their testimony. *St. George v. State*,

237 S.W.3d 720, 725 (Tex. Crim. App. 2007). We defer to the court's findings of fact when they are supported by the record. *State v. Johnston*, 336 S.W.3d 649, 657 (Tex. Crim. App. 2011); *Miller v. State*, 335 S.W.3d 847, 854 (Tex. App.—Austin 2011, no pet.).

A police officer may stop and briefly detain a person for investigative purposes if the officer, in light of his experience, has a reasonable suspicion, supported by articulable facts, that criminal activity may be afoot. *See Terry v. Ohio*, 392 U.S. 1, 30 (1968); *Carmouche v. State*, 10 S.W.3d 323, 328 (Tex. Crim. App. 2000). Reasonable suspicion requires awareness that something out of the ordinary is occurring and some indication that the unusual activity is related to crime. *Davis v. State*, 947 S.W.2d 240, 244 (Tex. Crim. App. 1997). The reasonableness of a temporary detention must be examined by considering the totality of the circumstances at its inception. *Id*. at 242; *Garcia v. State*, 43 S.W.3d 527, 530 (Tex. Crim. App. 2001).

Police received a report from a woman that her son, Neal, was parked outside of a daycare center where she worked and that she feared he might cause a disturbance. She reported that Neal suffered from bipolar disorder and was not taking his medications. She reported that she had argued with him the previous night and that he had a gun when she last saw him. She said he was in a black Ford Explorer with his girlfriend. The officer said the dispatcher told him that Neal was a black male.[1]

The police officer testified that he found a black Ford Explorer parked outside the daycare center. A male, later identified as Neal, was slumped over the steering wheel and a

---

[1] The police officer initially testified that he discussed the situation with Neal's mother at the daycare, but he revised his testimony when showed his contrary recitation in his report.

2

woman was asleep in the back row. The officer said he could not see a gun through the window, but he noticed that Neal was holding a hand-rolled cigarette. The officer and a colleague flanked the vehicle and knocked on the driver's door. The officer testified that Neal awakened and began fidgeting with the ignition, causing the officer to fear that Neal was about to drive away and endanger the officers in the process.

The officer testified that he asked Neal to step out of the vehicle, then opened the driver's door. Neal told the officer he wanted to leave, but the officer declined to permit that. The officer testified that the facts communicated in the report—an armed, bipolar man off his medications parked near a daycare where his mother with whom he recently argued works—made him want to investigate before he let Neal drive away. The officer also testified that he caught a whiff of marijuana when he opened the door, which he said he recognized from his training and experience.

The officer frisked Neal for weapons and testified that Neal's tension and body language, combined with the facts reported to the dispatcher and the proximity to the daycare, led him to handcuff Neal and put him in the patrol car. The officer then found a rolled cigarette on the ground that looked like the one that was in Neal's hands in the car. The officer said the cigarette smelled like marijuana and later proved to be. The officer also testified that he found a revolver in the side panel next to the driver's seat.

Based on the totality of the circumstances we conclude that reasonable suspicion existed to justify Neal's detention and the search of the vehicle. The report that Neal had argued with his mom, was off his medications, possessed a gun, was parked outside the daycare where

she worked, and might soon cause a disturbance provided a reasonable basis to conclude that illegal activity was about to occur.  The trial court did not err by denying the motion to suppress evidence obtained pursuant to the search following Neal's detention.

We affirm the judgment.

_____

Jeff Rose, Chief Justice

Before Chief Justice Rose, Justices Goodwin and Field

Affirmed

Filed:   July 10, 2015

Do Not Publish